## FUTTERMAN, et al. v STATE OF FLORIDA
### Case No. 89-11209 (County Court Case No. 89-6367)
Thirteenth Judicial Circuit, Hillsborough County

February 19, 1990

### APPEARANCES OF COUNSEL

**B. Larry Smith, Esquire,** for appellant.

**Honorable Bill James,** State Attorney, for appellee.

### OPINION OF THE COURT

JOHN P. GRIFFIN, Circuit Judge.

We have on appeal *Futterman, et al. v State of Florida,* in which defendants were convicted of misdemeanor trespass pursuant to Florida Statutes Section 810.09 (1987) for trespassing on the premises of the Tampa Women's Health Clinic, Hillsborough County, Florida.

A Motion in Limine was granted to the State, preventing Plaintiff from introducing any evidence relative to a defense of necessity or

justification. In addition, no jury instructions were given relative to a defense of necessity or justification and no contemporaneous objections were raised prior to the jury's deliberations.

Plaintiff appeals the Lower Court's grant of the Motion in Limine arguing that any and all prerequisites of a necessity defense were met and, consequently, Plaintiff was estopped from presenting their full defense. As such, it is alleged that the Trial Court erred in refusing to include a jury instruction of the necessity defense, precluding the trier of fact from rendering an informed decision.

We have appellate jurisdiction in this case. We affirm the Trial Court's decision and hold that a Motion in Limine was properly granted and as such, a jury instruction regarding the necessity defense was properly withheld.

I

The granting of a Motion in Limine is proper when a party seeks to introduce irrelevant or inapplicable information into evidence, the mere mention of which at trial would be prejudicial. 44 Fla. Jur. 2d *Trials* § 49 (1984). Such a motion serves as an effective limiting device for the purpose of ensuring justice based on the relevant facts and applicable law. In the case at hand, Plaintiff sought to introduce evidence related to the defense of necessity to a criminal trespass allegation which was properly precluded by the Trial Court.

Historically, Courts have denied the defense where

1. A legal alternative exists,

2. The actor initiated the situation, or

3. It is used to justify acts of civil disobedience that rest upon considerations of morality or religious beliefs.

In addition, the defense is usually available when the Legislature has not made an express value determination in its criminal law. Model Penal Code U.L.A. § 3.01 (1)(c) (1974). However, despite the fact that Florida recognizes the common law in areas not otherwise codified [Florida Statutes § 2.01 (1987)], in this instance the law is not silent. Unlike homicide statutes which specify the applicability of the necessity defense, Florida Statutes 4810.09 (1987) includes no necessity defense. Conversely, Florida Statutes 4776.012 (1987) specifies the general applicability of the necessity/justification defense and status that non-deadly force is justified when and to the extent that one reasonably believes that such conduct is necessary to defend one's self or another "against such others imminent use of unlawful force".

The key word of the statute is "unlawful". Appellants make no assertion they were trying to prevent the use of unlawful force so as to satisfy the justification threshold. Despite appellants' cogent and persuasive argument of when life begins, and when it should be protected, the Supreme Court of the United States has stated that a woman's right to choose an abortion during the first trimester or until a fetus is viable, is fundamental and states may impose restrictions only when narrowly drawn to satisfy a compelling state interest. *Roe v Wade*, 410 U.S. 113 (1973). In addition, the Court has made it clear that the states, not the federal government, are the final guarantors of this right. Florida, Article I, § 23, provides for more privacy interests and extends more protection to individuals in those interest than the U.S. Constitution. *In re T.W.*, 14 FLW 497 (Fla. October 5, 1989). As such, a lawful abortion causes no loss of life and the fetus is entitled to no legal protection before and until viability is ascertained. *Id.* at 498.

This Court appreciates the emotion attached to the sensitive issues surrounding the right to choose an abortion. However, appellants made a conscious choice to break the law. Despite the appellants' articulate argument of the common law application of the necessity doctrine, in light of the existence of the Florida necessity statute and the current status of abortion rights in this state, the necessity defense was properly precluded from the trier of fact by granting the Motion in Limine.

## II

Appellants also contend that a jury instruction regarding the necessity defense was improperly denied and that objections noted to the request of the Motion in Limine served as a contemporaneous objection to the failure to proffer a jury instruction on the defense of necessity. Fla.R.Civ.P. 1.470(b) (1989) mandates that no party may assign as error, failure to give a jury instruction unless he objects thereto before the jury returns, stating distinctly the matter to which he objects and the grounds of the objection. Adherence to the Rule is a prerequisite to preserving the error for appeal and litigants ordinarily may not complain of a failure to instruct if they fail to prepare and request an instruction on a particular point at the close of evidence. As such, interjection into a pretrial motion hearing would not satisfy the contemporaneous objection rule necessitated in Florida. A narrow exception would be if the failure to give the instruction rose to the level of fundamental error. The standard for fundamental error generally is some error which is totally inadequate to provide even the barest legal guideposts to aid the jury in rationally reaching a decision. It is

9

narrowly construed and generally confined to cases exceptional in nature where error serious affects fairness, integrity, or reputation of judicial proceedings. 55 Fla. Jur 2d *Trial* § 177 (1984). In the instant case, any perceived error simply does not rise to this level since the jury instructions conformed to the evidence presented at trial.

In addition, the ruling on the Motion in Limine referred to in Paragraph I of this Opinion, effectively and correctly prevented the proffering of a jury instruction on the defense of necessity.

THE JUDGMENT OF THE TRIAL COURT IS AFFIRMED.

DONE AND ORDERED this 19th day of February, 1990, at Tampa, Hillsborough County, Florida.